JONATHAN GREENBERG, CHRISTOPHER GALE,
ROBERT GIZA and MICHAEL TURRIZIANI,

        Plaintiffs,

                                Case No. 25-cv-1004-pp

  v.

JOHNSON CONTROLS, INC.,

        Defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO REOPEN DISCOVERY (DKT. NO. 60)

This case is one of several in this district brought by the defendant's commissioned salespersons alleging that they suffered lost commissions due to the defendant's modifications to its Commission Sales Incentive Plan. Dkt. No. 1. Discovery closed on July 25, 2025. Dkt. No. 41. The plaintiffs have moved to reopen discovery, dkt. no. 60, and the defendant opposes the request, dkt. no. 61. The court will deny the plaintiffs' motion.

## I.    Background

The court previously recounted in detail the procedural history of this case and the related cases. See Dkt. No. 53. In short, a class action case challenging the changes to the defendant's incentive plan was filed in this district on January 12, 2024. Novin v. Johnson Controls, Inc., Case No. 24-cv-46 (E.D. Wis.). Subsequently, multiple plaintiffs filed cases challenging the same modifications to the Johnson Controls incentive plan in state and federal

1

courts in New York, Pennsylvania, Michigan, Colorado and Wisconsin. <u>Pagano v. Johnson Controls, Inc.</u>, Case No. 24-cv-423 (E.D. Wis.); <u>Halfter v. Johnson Controls, Inc.</u>, Case No. 25-cv-424 (E.D. Wis.); <u>Konczak v. Johnson Controls, Inc.</u>, Case. No. 24-cv-10431 (E.D. Mich.); <u>Goodwin v. Johnson Controls, Inc.</u>, Case No. 25-cv-1855 (E.D. Wis.); <u>Riccitelli v. Johnson Controls, Inc.</u>, Case No. 25-cv-425 (E.D. Wis.); <u>Greenberg, *et al.* v. Johnson Controls, Inc.</u>, Case No. 25-cv-1004 (E.D. Wis.); <u>Green v. Johnson Controls, Inc.</u>, Case No. 25-cv-1064 (E.D. Wis.).

This case originally was filed in the Eastern District of Pennsylvania on June 10, 2024. Dkt. No. 1. The plaintiffs brought three claims: (1) breach of contract, (2) promissory estoppel and (3) unjust enrichment, each claim also incorporating a violation of the Pennsylvania Wage Payment and Collection Law. <u>Id.</u> at ¶¶39–71. The defendant moved to dismiss the complaint for failure to state a claim. Dkt. No. 9. The Pennsylvania court denied the motion as to the breach of contract claim and granted the motion as to the promissory estoppel and unjust enrichment claims. Dkt. No. 18.

On April 14, 2025, the defendant filed a motion to transfer the case to this district. Dkt. No. 33. That motion came a month after Judge Margaret M. Garnett of the Southern District of New York transferred three of the related cases to this district based on the first-to-file rule. <u>Pagano</u>, Case No. 25-cv-423, Dkt. No. 28; <u>Halfter</u>, Case No. 25-cv-424, Dkt. No. 26; <u>Riccitelli</u>, Case No. 25-cv-425, Dkt. No. 19. The plaintiffs also filed a motion to compel the deposition of the defendant's corporate representative, Blake Ewing. Dkt. No. 36. On July

2

10, 2025, the Pennsylvania court granted the motion to transfer, denied the motion to compel and transferred the case. Dkt. No. 41. The scheduling order in place at the time of the transfer stated that all discovery must be completed by July 25, 2025 and that dispositive motions were due by August 29, 2025. Dkt. No. 32. The discovery deadline twice had been extended prior to the transfer. See Dkt. Nos. 25, 32. The parties did not request a stay or extension of deadlines prior to the expiration of the July 25, 2025 discovery deadline.

On August 25, 2025, the parties filed a joint motion to stay all case deadlines, stating, "the Parties had the understanding that Judge Weilheimer's January 24, 2025 Amended Scheduling Order no longer remained in effect" and that "the parties did not continue conducting discovery and have been awaiting this Court to issue a scheduling order which would allow the parties to proceed with discovery." Dkt. No. 49 at ¶6. The court granted the motion to stay the pending dispositive motion deadline. Dkt. No. 50.

After the parties in Novin reached a settlement, the court set a joint status conference for all the related cases pending in this district. Dkt. No. 48. At the August 28, 2025 status conference, the parties again advised the court that they believed this court needed to issue a new scheduling order for discovery to proceed. Dkt. No. 51. After the status conference, the court issued an order staying this case pending the resolution of motions to dismiss that were going to be filed in the other cases. Dkt. No. 53.

On November 21, 2025, Goodwin was transferred to this district from the District of Colorado and assigned to Judge Brett H. Ludwig. Goodwin, Case No.

3

25-cv-1855, Dkt. Nos. 84, 85. Judge Ludwig referred <u>Goodwin</u> to this court to determine whether it should be reassigned due to being related to any of the other pending cases. <u>Id.</u>, Dkt. No. 94. But between September 2025 and January 2026, the parties in each of the <u>Riccitelli</u>, <u>Pagano</u>, <u>Green</u> and <u>Halfter</u> cases filed a stipulation of dismissal with prejudice. Dkt. No. 57 at 4. With <u>Greenberg</u> and <u>Goodwin</u> the only cases remaining, the court declined to reassign <u>Goodwin</u>. Dkt. No. 57. The court stated that the two cases were in different procedural postures; discovery had closed in <u>Greenberg</u> while <u>Goodwin</u> had not progressed past the pleading stage, so no judicial resources would be saved by reassigning or consolidating the cases. <u>Id.</u> at 6–7.

The court then ordered that by the end of the day on March 6, 2026, the parties in <u>Greenberg</u> must file a status report. Dkt. No. 58. In that status report, the defendant stated that it agreed that the discovery deadline had expired and asked the court to set a new dispositive motion deadline. Dkt. No. 59 at 1. The plaintiffs stated that they would be filing a motion to reopen discovery. <u>Id.</u> at 1–2.

## II.    **Motion to Reopen Discovery**

### A.    <u>Parties' Arguments</u>

The plaintiffs argue that good cause exists to reopen discovery. Dkt. No. 60. According to the plaintiffs, before the defendant moved to transfer this case, the parties had exchanged written discovery and the plaintiffs had noticed a deposition of the defendant's corporate representative, Blake Ewing. <u>Id.</u> at 2. The plaintiffs state that the defendant refused to produce Ewing for

4

her scheduled deposition due to the motion to transfer, prompting the plaintiffs to file a motion to compel Ewing's deposition. Id. at 2–3. The plaintiffs state that the Pennsylvania court declined to compel the deposition because it "would work against the judicial economy rationale undergirding Judge Garnett's transfer of the New York Litigation to the Eastern District of Wisconsin and Chief Judge Pepper's consolidation[1] of the JCI matters in Wisconsin." Id. at 3 (quoting Dkt. No. 40). The plaintiffs argue that both they and the defendants believed that the order of the Pennsylvania court stayed discovery in this case. Id. at 3–4.

The plaintiffs contend that any delay in conducting discovery was outside of their control because they were diligently pursuing discovery and would have continued doing so but for the defendant's motion to transfer. Id. at 5. They argue that based on the Pennsylvania court's order, they "had no reason to believe that they needed to act before the discovery deadline or to move for an extension or stay of discovery." Id. The plaintiffs contend that they expressed a desire to move forward with discovery at the August 28, 2025 status conference, but that the court ordered the case to be stayed pending the resolution of the other motions to dismiss. Id. at 6. The plaintiffs assert that they will be "severely prejudiced" if discovery is not reopened because the defendant used the motion to transfer as a reason to impede their discovery efforts. Id.

---

[1] Although the court conducted one joint status conference in these cases and discussed the *possibility* of consolidation after all motions to dismiss were resolved, the court has not consolidated the cases.

The plaintiffs argue that the remaining discovery is not duplicative, but essential. Id. at 7. They explain that they believe "testimony is necessary to interpret the plan documents" and to determine "how the decision to withhold Plaintiffs' commission was made, by who and when." Id. According to the plaintiffs, the defendant has produced only a "summary plan description" of the contested commission plan and not the plan document itself, despite the summary plan description referring to a controlling plan document. Id. They argue that reopening discovery is necessary to locate the plan document. Id. at 7–8. The plaintiffs further argue that the defendant will not be prejudiced by reopening discovery because the plaintiffs seek only to complete the discovery that already had been requested prior to the transfer. Id. at 8.

The defendant responds that the plaintiffs have not shown good cause or excusable neglect that warrants reopening discovery. Dkt. No. 61 at 1. It argues that although the parties shared the mistaken assumption that discovery was stayed after the transfer, the plaintiffs should have taken steps to confirm whether discovery was stayed or to seek an extension before the deadline expired. Id. at 1–2. The defendant argues that the plaintiffs knew the discovery deadline was July 25, 2025 and that there was outstanding discovery they wanted to complete, but they did not seek an extension even though the case was transferred a mere two weeks before the discovery deadline. Id. at 3. The defendant argues that the plaintiffs' failure to seek an extension demonstrates a lack of diligence. Id. at 3–4. The defendant contends that the plaintiffs could have requested an extension of the discovery deadline before

6

the case was transferred and the motion to transfer venue did not preclude them from doing so. Id. at 4.

In the alternative, the defendant asks the court to reopen discovery only for limited purposes. Id. It argues that the only claim remaining in this case is one for breach of contract, so any discovery must be limited to the terms of the operative plan document. Id. at 4–5. The defendant asserts that deposing Ewing or other witnesses is irrelevant to interpreting the terms of the plan. Id. at 5. It contends that Ewing submitted a declaration confirming that there is no other plan document aside from the summary plan description. Id. In the event the court were to permit a deposition of Ewing, the defendant argues that that deposition should be limited to one hour so that she can answer the question of whether there is another plan document. Id.

The plaintiffs reply that the defendant has failed to identify any prejudice it would suffer from reopening discovery. Dkt. No. 62 at 1. They argue that the "reason for the delay has been acknowledged by both parties as equally confusing," asserting that the lack of clarity means that the missed deadline is excusable. Id. at 2. The plaintiffs argue that there is no basis for limiting discovery when there were no limits in place before discovery closed. Id. at 2–3. The plaintiffs assert that "much discovery remained to be conducted" at the time of the transfer, including factual development around how plan decisions were made and enacted. Id. at 3. The plaintiffs believe that in her deposition, Ewing may identify additional witnesses with relevant information who must be

deposed, and they argue that they should be allowed to conduct subsequent discovery accordingly. Id. at 3–4.

B.     Legal Standard

In managing their caseloads, district courts are entitled to—"indeed they must—enforce deadlines." Raymond v. Ameritech Corp., 442 F.3d 600, 605 (7th Cir. 2006) (internal citation and quotation marks omitted). To extend a discovery deadline in a scheduling order, the moving party must show "good cause." Fed. R. Civ. P. 16(b)(4). The good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.'" Jackson-El v. City of Markham, 332 F.R.D. 583, 584 (N.D. Ill. 2019) (quoting Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., 831 F.3d 815, 832 (7th Cir. 2016)). A post-deadline request for an extension also requires a showing of "excusable neglect." Flint v. City of Belvidere, 791 F.3d 764, 768 (7th Cir. 2015) (quoting Fed. R. Civ. P. 6(b)(1)(B)). "The reasons for the delay—including whether it was within the reasonable control of the movant—must be considered." Id. (citing Raymond, 442 F.3d at 606). "Neglect is generally not excusable when a party should have acted before the deadline . . . or when a party's lack of diligence is to blame for its failure to secure discoverable information." Id. (citing Murphy v. Eddie Murphy Prods., Inc., 611 F.3d 322, 324 (7th Cir. 2010); Grayson v. O'Neill, 308 F.3d 808, 816 (7th Cir. 2002)).

8

C.  Analysis

Because they did not act diligently, the plaintiffs have not established good cause or excusable neglect that warrants reopening discovery. They filed this case in June 2024. The Pennsylvania court entered a scheduling order on September 18, 2024, setting a discovery deadline of January 21, 2025. Dkt. No. 15. On November 1, 2024, the parties filed a joint motion to extend the discovery deadline to March 4, 2025, dkt. no. 23, which the court granted, dkt. no. 25. On January 24, 2025, the court then extended the discovery deadline a second time to July 25, 2025. Dkt. No. 32. So the plaintiffs were aware in January 2025 that they had six months to complete discovery, yet they did not seek another extension of time prior to the expiration of that deadline.

The plaintiffs were aware for an even longer period that Blake Ewing was a company representative whom they might want to depose. In its initial disclosures on August 9, 2024, the defendant identified Ewing as a person with discoverable information about the defendant's commission plan. Dkt. No. 60-1 at 14–16. The plaintiffs did not notice Ewing's deposition until March 6, 2025— seven months later. Id. at 44. When the plaintiffs learned on April 29, 2025 that the defendant would not produce Ewing for her deposition, the plaintiffs' counsel acknowledged "the limited remaining time left in discovery" and stated that the plaintiffs would move to compel the deposition. Id. at 51–52. But when the plaintiffs moved to compel, they did not seek a stay or an extension of the discovery deadline. See Dkt. No. 36. Nor did they seek an extension of the discovery deadline once the case was transferred to this court.

9

It is true that the Pennsylvania court declined to compel Ewing's deposition due to "judicial economy" and efficiency concerns, based in part on the mistaken belief that this court had consolidated the other related cases. See Dkt. No. 40 at 20–21. But the Pennsylvania court did not state that discovery was stayed, that the plaintiffs could renew their motion to compel Ewing's deposition or that the scheduling order no longer would be in effect upon transfer. The parties assumed—incorrectly—that discovery was stayed despite the absence of any rule stating that transfer impacts a pre-existing scheduling order. The fact that both parties shared this misapprehension does not excuse the plaintiffs' failure to seek an extension. The plaintiffs could have, and should have, sought a stay or extension of discovery with their motion to compel or after the transfer.

The plaintiffs argue that the defendant's filing of the motion to transfer impeded their discovery efforts. But that motion did not prevent the plaintiffs from seeking to stay or extending discovery while the motion to transfer was pending or after it was decided. The plaintiffs could have filed a brief motion seeking a stay or an extension to preserve their rights. They did not do so. Further, by the time the defendant filed the motion to transfer, discovery had been ongoing for over eight months. Had the plaintiffs noticed Ewing's deposition sooner, there may have been no need for a motion to compel. The plaintiffs' neglect is not excusable because the delay in seeking an extension of the discovery period was within their control.

Additionally, the plaintiffs will not be prejudiced because the additional discovery is unnecessary. A court may deny a request to reopen discovery where the discovery sought was irrelevant to the claim. See Am. Fam. Mut. Ins. Co. v. Electrolux Home Prods., Inc., Case No. 20-CV-1455, 2023 WL 6929189, at *5 (E.D. Wis. Oct. 19, 2023); Laughlin v. Jim Fischer, Inc., Case No. 16-C-1342, 2019 WL 2166718, at *4 (E.D. Wis. May 17, 2019). The only claim remaining is one for breach of contract. The plaintiffs claim that the defendant never produced the complete plan document in response to their document requests. But the defendant contends that there is no additional plan document, and Ewing submitted a sworn declaration supporting that assertion. See Dkt. No. 13-1 at 2–3. The plaintiffs have stated no reason to think that Ewing lied under oath. With the sole plan document produced,[2] the court has everything it needs to interpret the parties' contract. The discovery the plaintiffs seek from Ewing—"how the decision to withhold Plaintiffs' commission was made, by who and when"—has little relevance to the court's task of interpreting the plain terms of the parties' contract and determining whether that contract was breached. See Burton v. E.I. du Pont de Nemours & Co., Inc., 994 F.3d 791, 831 (7th Cir. 2021) ("Under Wisconsin law, '[w]hen the terms of a contract are clear and unambiguous, we construe the contract's

---

[2] Should the defendant discover that there was a separate plan document, it would be obligated to provide it to the plaintiffs even after the close of discovery due to the ongoing duty to supplement. See Electrolux, 2023 WL 6929189, at *5 (declining to reopen discovery but reiterating that the defendant remained obligated to supplement its disclosures within the scope of the plaintiff's prior discovery requests).

11

language according to its literal meaning.'" (quoting <u>Ash Park, LLC v. Alexander</u> <u>& Bishop, Ltd.</u>, 363 Wis. 2d 699 (Wis. 2015))). If the plaintiffs' commissions were withheld against the terms of the plan, the plaintiffs may establish breach regardless of the reasoning behind the defendant's actions.

Because the plaintiffs have not shown good cause or excusable neglect, the court will deny their motion to reopen discovery. The court will set a new dispositive motion deadline below.

## III. Conclusion

The court **DENIES** the plaintiffs' motion to reopen discovery. Dkt. No. 60.

The court **ORDERS** that the parties have until the end of the day on **August 21, 2026** to file dispositive motions. The response and reply deadlines mandated by Civil Local Rule 56 (E.D. Wis.) apply.

Dated in Milwaukee, Wisconsin this 22nd day of June, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12